UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GARY J. SCHULZ, an individual and THE ESTATE OF DONALD R. GARRIS, | Civ. No. 3:14-cv-01129-AC |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| VISIONARY PROPERTIES, INC., a Delaware corporation and HVHC, INC., a Delaware corporation, | |
| Defendants. | |
| VISIONARY PROPERTIES, INC., a Delaware corporation and HVHC, INC., a Delaware corporation, | |
| Counterclaim Plaintiffs, | |

                    v.

GARY J. SCHULZ, an individual and
THE ESTATE OF DONALD R. GARRIS,

            Counterclaim Defendants.
_____

ACOSTA, Magistrate Judge:

*Introduction*

Two optometrists filed this lawsuit asserting claims based on their landlord's decision not to enter into a new sublease upon the termination of the existing sublease. The optometrists alleged the landlord agreed, by oral agreement or course of conduct, to renew the existing subleases on an annual basis in the absence of impropriety by the optometrists. In an Opinion and Order entered December 1, 2015, the court granted the landlord summary judgment, finding the optometrists failed to present evidence of an oral contract or conduct modifying the existing subleases.[1] *Schulz v. Visionary Properties, Inc.*, Civ No. 3:14-cv-01129-AC, 2015 WL 7756015 (D. Or. Dec. 1, 2015.)

Presently before the court is a motion to amend the complaint to add another similarly-situated optometrist under Federal Rules of Civil Procedure 15 and 20. The court finds the claims of the proposed new plaintiff suffer from the same deficiencies as the original plaintiffs and the proposed amendment would be futile.[2] Accordingly, the motion to amend is denied.[3]

/ / / / /

---

[1] The court denied summary judgment on one optometrist's claim for breach of the existing sublease on grounds not relevant here.

[2] The optometrists requested oral argument in their motion. The court finds this motion appropriate for disposition without oral argument pursuant to LR 7-1(d)(1) and denies the request.

[3] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

*Legal Standard*

I.  Rule 15

After the initial pleading stage, a plaintiff may amend his "pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a) (2015).  "Although the rule should be interpreted with 'extreme liberality,' leave to amend should not be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  A trial court may deny the motion if permitting amendment would prejudice the opposing party, produce an undue delay in litigation, result in futility for lack of merit, is sought by plaintiffs in bad faith or with a dilatory motive, or the plaintiffs have filed numerous amended complaints.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  Prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Whether to grant leave to amend lies within the sound discretion of the trial court.  *Webb*, 655 F.2d at 979.  In exercising this discretion, however, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Id*.

II.  Rule 20

Rule 20 allows a third-party to join in an action as a plaintiff if "they assert any right to relief jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all plaintiffs will arise in the action."  FED. R. CIV. P. 20(a)(1) (2015).  The Ninth Circuit requires Rule 20 to "be construed liberally in order to promote trial convenience and to expedite the final

determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Nevertheless, "[e]ven once [the] requirements [of Rule 20(a)(1)] are met, a district must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)(internal quotation omitted). When two or more plaintiffs join their claims under the joinder provision of Rule 20, each and every plaintiff is bound by the terms of a judgment entered in the action. *Snyder v. Harris*, 394 U.S. 332, 337 (1969).

*Discussion*

For the most part, the claims asserted by the new optometrist, Shauna Schissler ("Schlisser"), in the proposed Second Amended Complaint are virtually identical to those asserted by the original optometrists. Schlisser asserts claims for breach of contract, interference with economic relations, and breach of the implied duty faith and fair dealing on the same grounds as the original optometrists. In fact, Schlisser's name is merely added to the claims in the existing complaint with two exceptions. First, Schlisser alleges she "purchased her store" for $100,000 and that the landlord decided not to enter into a new sublease shortly after asking Schlisser if she had, and if she planned to have more, children and Schlisser answering "yes" to both questions.

To the extent Schlisser is asserting claims based solely on the existing sublease, alleged to be the same sublease on which the existing optometrist rely, she is asserting claims arising out of transactions similar to the existing optometrists and, arguably, may be entitled to joinder under Rule 20. However, the court has ruled the existing optometrists failed to present evidence sufficient to survive summary judgment on their claims related to the sublease, a ruling that would apply equally

to Schlisser. Accordingly, the proposed amendment based on these claims is futile.

To the extent Schlisser is asserting claims based on a contract relating to the purchase of the store or some form of sex discrimination based on the landlord's decision not to offer her a new sublease shortly after it learned she had, and planned to have more, children, the claims are not related to those asserted by the existing optometrists. Such claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences and do not raise questions of law or fact common to all plaintiffs. Accordingly, the proposed amendment would not be proper under Rule 20. Additionally, the addition of new, unrelated claims at this time would unduly prejudice the landlord and unduly delay this action, making the proposed amendment inappropriate under Rule 15.

## Conclusion

The pending motion (ECF No. 38) for leave to file a second amended complaint is DENIED.

DATED this 21st day of December, 2015.

          /s/ John V. Acosta
          JOHN V. ACOSTA
          United States Magistrate Judge